NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2108

IN RE APPLICATION OF LENARZ.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Lenarz*, Slip Opinion No. 2021-Ohio-2108.]

*Attorneys—Character and fitness—Application to register as a candidate for admission to the practice of law—Applicant established present character, fitness, and moral qualifications by clear and convincing evidence—Application approved.*

(No. 2021-0184—Submitted April 28, 2021—Decided June 24, 2021.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 777.

_____

**Per Curiam.**

{¶ 1} Applicant, Brett Lee Lenarz, of Pleasant City, Ohio, applied to register as a candidate for admission to the practice of law as a second-year law

student in November 2019. He graduated from the Indiana University Maurer School of Law in May 2021.

{¶ 2} Two members of the Noble County Bar Association's admissions committee interviewed Lenarz in July 2020, and the committee issued a provisional report recommending that his character, fitness, and moral qualifications be approved. Because Lenarz had been adjudicated as a delinquent child in 2013 for conduct that would constitute a second-degree felony if committed by an adult, his application was submitted to the Board of Commissioners on Character and Fitness pursuant to Gov.Bar R. I(13)(D)(5)(a) and I(14).

{¶ 3} In December 2020, a three-member panel of the board conducted a hearing, during which it heard testimony from Lenarz and three character witnesses. In February 2021, the panel issued a unanimous report finding that Lenarz had established his present character, fitness, and moral qualifications by clear and convincing evidence and that he should be permitted to sit for the Ohio bar exam, provided he complies with all applicable procedures and requirements. The board adopted the panel's report in its entirety and recommended that we approve Lenarz's registration application.

{¶ 4} An applicant for admission to the Ohio bar bears the burden of proving "by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(13)(D)(1). An applicant may be approved for admission if the applicant satisfies the essential eligibility requirements for the practice of law as defined by the board and demonstrates that "the applicant's record of conduct justifies the trust of clients, adversaries, courts, and others." Gov.Bar R. I(13)(D)(3).

{¶ 5} "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.* In determining whether the record demonstrates

2

such a deficiency, we consider a number of factors identified in Gov.Bar R. I(13)(D)(3), including whether the applicant has committed or been convicted of committing a crime, and we give weight and significance to the applicant's past conduct by considering his age at the time of the conduct, the recency of the conduct, the reliability of the information concerning the conduct, the seriousness of the conduct, the cumulative effect of the conduct, evidence of rehabilitation, and the candor of the applicant in the admissions process, *see* Gov.Bar R. I(13)(D)(4).

{¶ 6} If an applicant has been adjudicated a delinquent child for conduct that would be a felony if committed by an adult, we also consider (1) the amount of time that has passed since that adjudication, (2) whether the rights and privileges forfeited by the adjudication have been restored by operation of law, expungement, or pardon, (3) whether the applicant is disqualified from holding an office of public trust, and (4) how approval of the applicant would impact the public's perception of or confidence in the legal profession. Gov.Bar R. I(13)(D)(5)(a).

{¶ 7} The conduct that caused Lenarz to be adjudicated delinquent occurred in September 2013 when he was 17 years old and a senior in high school. He was placed on probation until the age of 21, which he served without incident. He was released from all supervision in October 2016, and his juvenile adjudication was later sealed and expunged.

{¶ 8} After graduating from high school, Lenarz attended Muskingum University, where he often took 18 credit hours per semester and worked 20 or more hours per week to help support his family. He graduated from college in less than four years with a triple major and in the top 5 percent of his class. Lenarz fully disclosed the September 2, 2013 incident in his law-school application. In a statement that accompanied that application, Lenarz stated:

I will live my entire life with the shame of this incident, but I refuse to let it define me. This event has greatly impacted me and

it has taught me many lessons. These lessons gave me my work ethic and outlook on life and have made me the student and the person that I am today.

{¶ 9} Several of Lenarz's college professors responded to inquiries from the National Conference of Bar Examiners and offered favorable evidence of his character and fitness to practice law. One professor identified him as an exceptional person with a great work ethic. A second professor noted that Lenarz is a young man of "exceptional character" who "overcame great personal hardship and emerged as one of our top students." A third professor, who taught Lenarz in four classes and supervised his senior research project, wrote a lengthy comment highlighting his academic achievements, analytical and writing ability, leadership skills, and "intellectual maturity and promise."

{¶ 10} Two attorneys who supervised Lenarz's externship at their law office also offered positive assessments of his character. At the hearing before the panel, one of those attorneys testified that Lenarz had been open and honest throughout his tenure at the firm and that he was willing to ask for help when he needed it. The attorney stated that he had no concerns about Lenarz's character or truthfulness and that he believed Lenarz would be "an excellent person to act in this profession." The second attorney to testify on Lenarz's behalf before the panel reported that Lenarz conducted himself in a professional manner, performed excellent research, and "would absolutely have [the] character and fitness" to practice law.

{¶ 11} Notably, one of the attorneys who interviewed Lenarz on behalf of the local bar association was Judge John Nau—the judge who presided over Lenarz's juvenile-delinquency proceedings. In his report, the judge commented that Lenarz was "open and I believe honest about the incident. Accepted

responsibility. If anything I feel the incident and how the applicant responded to it is overall a plus."

{¶ 12} Upon consideration of the record and the applicable rules, we agree that Lenarz has carried his burden of proving that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law.

{¶ 13} Accordingly, we adopt the board's report and approve Lenarz's pending registration application.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Brett Lee Lenarz, pro se.

Harry R. Reinhart, for the Noble County Bar Association.

_____